**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-24864-GAYLES

**IMAN KAMAL-HASHMAT,** *as personal representative of the Estate of Kamal Hashmat, deceased*,
          Plaintiff,

v.

**LOEWS MIAMI BEACH HOTEL OPERATING COMPANY, INC.,**
          Defendant.
_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Plaintiff Iman Kamal-Hashmat's Motion for Remand [ECF No. 26]. The Court has carefully considered the parties' briefs, the record in this case, and the applicable law, and is otherwise fully advised in the premises.

**I.  BACKGROUND**

On December 26, 2013, Kamal-Hashmat's late husband suffered a near drowning in the pool at the Loews Miami Beach Hotel (the "Hotel") and, after spending several weeks in a coma, died. On September 8, 2014, she filed a complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant Loews Miami Beach Hotel Operating Company, Inc. ("Loews"). Complaint, *Kamal-Hashmat v. Loews Miami Beach Hotel Operating Co.*, No. 14-23517 (S.D. Fla. Sept. 23, 2014), ECF No. 1-2. On September 23, 2014, Loews removed the action from state court to this District, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, *Kamal-Hashmat*, No. 14-23517 (S.D. Fla. Sept. 23, 2014), ECF No. 1. Three days later, the court *sua sponte* remanded the case to state court for lack of subject matter jurisdiction because Loews failed to meet its burden to establish the requisite amount

in controversy and because Loews' removal violated 28 U.S.C. § 1441(b), as it failed to rebut Kamal-Hashmat's allegation that it was a citizen of Florida. Order Remanding the Case for Lack of Subject-Matter Jurisdiction at 1-2, *Kamal-Hashmat v. Loews Miami Beach Operating Co.*, No. 14-23517 (S.D. Fla. Sept. 26, 2014), ECF No. 3. On October 6, 2014, the court granted Loews' motion to reopen the case, finding that Loews' proposed amended notice of removal "sufficiently establishe[d] diversity of citizen[ship]." Order Granting Motion to Reopen Case and Granting Leave to File Amended Notice of Removal, *Kamal-Hashmat*, No. 14-23517 (S.D. Fla. Oct. 6, 2014), ECF No. 7. That same day, Kamal-Hashmat voluntarily dismissed her case. Notice of Voluntary Dismissal Without Prejudice, *Kamal-Hashmat*, No. 14-23517 (S.D. Fla. Oct. 6, 2014), ECF No. 8.

On October 29, 2014, Kamal-Hashmat filed a new complaint (the Complaint in the instant action) in state court, adding several defendants: MB Redevelopment LLC ("MB Redevelopment") (the record owner of the property), Loews Hotels Holding Corp. ("Loews Holding") (Loews' parent company), and four individual Hotel employees who allegedly failed to assist Kamal-Hashmat's husband when he was drowning and then performed improper CPR on him—Mishko Josifov, Jacob Barasch, Felix Suarez, and Fritz Cuaboy. *See generally* Compl. Kamal-Hashmat alleged negligence against each of the defendants arising out of the wrongful death of her late husband.

On August 25, 2015, Lauren Barrington, an attorney at Plaintiff's counsel's law firm, sent an email to counsel for Loews, Maria Dalmanieras, to advise that Plaintiff's counsel wished to take the deposition of Loews' corporate representative. Barrington Decl. ¶ 4. Barrington explained that Plaintiff's counsel sought to depose the corporate representative about, *inter alia*, the business relationship between Loews, MB Redevelopment, and Loews Holding, and each entity's duties and responsibilities with respect to the Hotel and the property upon which the Hotel is located. *Id.* The deposition was noticed for November 4, 2015. *Id.* ¶ 5. Dalmanieras called Barrington shortly before the deposition to inform her (or informed Barrington at the deposition) that the corporate repre-

2

sentatives were not prepared to testify as to the business relationship between the entities or their duties and responsibilities with respect to the Hotel. *Id.* ¶ 6. Dalmanieras represented that Loews was the proper defendant corporate entity, "as it was the sole corporate entity that operated, managed, and controlled the Loews Miami Beach Hotel." *Id.*

On January 26, 2016, Ricardo Martinez-Cid, Plaintiff's lead counsel, sent a letter to Dalmanieras. *See* Def.'s Opp'n Ex. at 18. In the letter, Martinez-Cid expressed that he "considered the involvement" of MB Redevelopment and Loews Holding and that he was willing to dismiss the parties if Dalmanieras stipulated that (1) neither party is responsible for operating, maintaining, or managing the Hotel or its swimming pool and has no other responsibility associated with the pool; and (2) if further discovery or evidence shows that either party is responsible for Kamal-Hashmat's claims, Loews would agree to be responsible for any liability attributed to them. *Id.*

In approximately February 2016, Barrington and Dalmanieras discussed dismissing MB Redevelopment and Loews Holding. Barrington Decl. ¶ 7. Barrington stated that Plaintiff's counsel would agree to dismiss the corporate entities if Loews would stipulate to responsibility for any liability attributed to those entities. *Id.* Dalmanieras agreed but asked Barrington to also agree to dismiss the four individual employee Defendants subject to that same agreement. *Id.* This proposal was discussed internally, but Plaintiff's counsel elected to defer the decision until after the close of discovery when it could be considered "in light of broader trial strategy." *Id.* ¶ 8.

On October 13, 2016, counsel for the parties appeared for a hearing in state court, whereupon the following exchange took place:

> THE COURT: You asked for 75 jurors in this case?
> MS. DALMANIERAS: There's seven defendants.
> MR. MARTINEZ-CID: One of the things we've been trying to get from the Defendant was an agreement to dismiss all but one.
> MS. DALMANIERAS: That's untrue. They wanted to dismiss the entities, the individuals I asked you about, and you never agreed to it.

3

>   MR. MARTINEZ-CID: There's emails on it. I even told Lauren [Barrington] we'll just do the motion.
>
>   MS. DALMANIERAS: Never agreed to it.
>
>   MR. MARTINEZ-CID: I'll tell you we would like to agree to dismiss all but the individual corporate defendant. This is going to be, like I said, I believe, a seven-day trial. This is not a complicated case, Your Honor. There are some issues.

Def.'s Opp'n Ex. at 21-22.

On November 14, 2016, on instruction from Martinez-Cid, Barrington followed up on the earlier dismissal conversation with Dalmanieras, stating via email that Kamal-Hashmat was willing to dismiss all Defendants other than Loews if the Defendants agreed that Kamal-Hashmat could use the individual Defendants' deposition transcripts at trial as if they were still parties to the litigation. *Id.* ¶ 9; *see also* Barrington Decl. Ex. 1. Dalmanieras agreed to this request. Barrington Decl. ¶ 9; *see also* Barrington Decl. Ex. 2.

On November 18th, Kamal-Hashmat dismissed MB Redevelopment, Loews Holding, and the individual Defendants; three days later, Loews removed the action to this Court invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1] ("Notice"). On December 21st, Kamal-Hashmat timely filed the instant motion to remand. In it, she argues that Loews' Notice of Removal was untimely filed, as it was filed more than one year after the lawsuit was commenced in state court, in violation of 28 U.S.C. § 1446(c)(1), and that the removal violates the so-called "forum defendant rule," 28 U.S.C. § 1441(b)(2), because Loews is a corporation with its principal place of business in Florida.

## II.     LEGAL STANDARD

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove most civil cases originally filed in state court to federal court if the federal court can properly exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C.

4

§ 1332. Federal question jurisdiction exists if the plaintiffs' suit "arises under" the "Constitution, laws, or treaties of the United States," and the issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (quoting 28 U.S.C. § 1331). Generally, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 9-10, 13 (1983). Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *see also* 28 U.S.C. § 1332(a).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole County*, 334 F.3d 1233, 1236-37 (11th Cir. 2003) (citation omitted). If a plaintiff seeks remand on the basis of a lack of subject matter jurisdiction, she may file a motion to remand at any time, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the plaintiff seeks remand on the basis of any other defect, she must file a motion to remand within thirty days after the filing of the notice of removal. *Id.* "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and it bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

A district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007) (footnote

5

omitted), although the court "when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish facts present at the time of removal," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)). If that evidence is insufficient to establish the propriety of removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's filings." *Lowery*, 483 F.3d at 1214-15. The district court is required to "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal punctuation marks omitted) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). That said, it must be "equally vigilant" in protecting a defendant's right to proceed in federal court as it is in respecting the state court's right to retain jurisdiction. *Pretka*, 608 F.3d at 766.

## III. DISCUSSION

Kamal-Hashmat seeks remand, *inter alia*, on the basis that Loews' removal violates 28 U.S.C. § 1446(c)(1), which provides that a case based on diversity jurisdiction cannot be removed more than one year after the commencement of the action. This action was filed in state court over two years ago, so the removal on its face is violative of this provision. Loews acknowledges this in its Notice of Removal, but invokes an exception to that general rule, made part of the statute in 2011, which permits a case to remain in federal court if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Therefore, the burden falls to Loews to substantiate its allegation that Kamal-Hashmat acted in bad faith and, ultimately, to establish that removal is proper.

Loews argues that its ability to remove was stifled by Kamal-Hashmat's inclusion of MB Redevelopment and the individual Hotel employees as defendants in this litigation, who the Court

6

assumes for purposes of this motion are all citizens of Florida.[1] Should Loews have attempted to remove while those defendants were still in the litigation, that removal would have violated the so-called "forum defendant rule" found in 28 U.S.C. § 1441(b)(2), under which "a state-court action that is otherwise removable to federal court solely on the basis of diversity is not removable if any of the 'parties in the interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b)(2)).

The Eleventh Circuit has not yet defined "bad faith" in this context. In the absence of guidance from that court, this Court adopts the well-reasoned two-stage analysis formulated by a court in the U.S. District Court for the District of New Mexico in *Aguayo v. AMCO Insurance Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). Under that analysis, a court first inquires whether the plaintiff actively litigated against a removal-spoiling defendant in state court. *Id.* at 1274.[2] This "can be proven by factual evidence that the parties already have on hand when they enter federal court: the discovery taken against different parties, the hours spent negotiating settlements, and any motion practice in which the parties engaged in state court." *Id.* at 1275. If the plaintiff's actions satisfy this inquiry, then the plaintiff is entitled to a "rebuttable presumption of good faith." *Id.* "Any non-token amount of discovery or other active litigation against a removal spoiler entitles the

---

[1] The Court can only presume the citizenship of these Defendants because the allegations contained within the state court Complaint do not satisfy the standard governing allegations of citizenship for purposes of federal diversity jurisdiction. *Compare* Compl. ¶ 13 ("Defendant MB Redevelopment was and is a foreign limited liability company with its principal place of business in Miami-Dade County, Florida . . . ."), *with Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."); *compare also* Compl. ¶¶ 9-12 (stating that each of the individual Defendants "was and/or is a resident of Miami-Dade County, Florida"), *with Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." (citation omitted)).

[2] If, as here, multiple removal-spoiling defendants are present in the litigation throughout the first year in state court, for purposes of this stage of the analysis the plaintiff need only show that she actively litigated against at least one of them. If, however, the plaintiff "name[s] and drop[s] multiple removal spoilers over the course of the first year," she must provide "a separate showing of active litigation against every removal spoiler who is, at any time before the one-year mark, the only removal spoiler in the case." *Aguayo*, 59 F. Supp. 3d at 1275.

plaintiff to the presumption." *Id.* At the second stage, the defendant may attempt to rebut the presumption of good faith "with direct evidence of bad faith, but is limited to the evidence that he or she has on hand: the defendant may not take discovery in federal court or call witnesses at a hearing to develop this rebuttal; the defendant may, however, produce affidavits." *Id.* Regarding the definition of "bad faith" in this context, as the *Aguayo* court describes it, a defendant must show that the plaintiff's desire to stay in state court is "the but-for cause of the plaintiff's decision to keep the removal spoiler joined in the case past the one year mark." *Id.* at 1273.

As to the first stage, the Court finds clear evidence that Kamal-Hashmat actively litigated against all five removal-spoiling defendants. She deposed each of the four individual Defendants within the first year of litigation in state court. *See* Pl.'s Mot. Ex. A, at 2-4, 7. She sent them each interrogatories, *id.* at 12-19, and production requests, *id.* at 24-31. She deposed Alex Tonarelli, the General Manager of the Loews Miami Beach Hotel, as representative of MB Redevelopment, *id.* at 5, 123, and she sent three sets of interrogatories and six sets of production requests to MB Redevelopment. *Id.* at 33-43, 110-19, 160-69, 171-75, 213-14, 219-23, 229-232, 259-63. Having reviewed the record, the Court finds that this is more than a "non-token amount of discovery or other active litigation," and thus concludes that Kamal-Hashmat is entitled to the presumption of good faith. *Aguayo*, 59 F. Supp. 3d at 1275.

As to the second stage, while Loews advances a great deal in the way of counsel argument regarding Kamal-Hashmat's bad faith, it submits only two pieces of evidence to support that argument: the January 2016 letter from Martinez-Cid to Dalmanieras and the transcript of the October 2016 hearing in state court. These documents are far from clear evidence of bad faith; at best, they evince a confusion between the parties as to who ultimately needed to "pull the trigger," so to speak, on the agreement to dismiss MB Redevelopment and the Hotel employee defendants so that that agreement could be executed. This evidence does not clearly show that Kamal-Hashmat's desire

in state court was the but-for cause of her decision to keep these defendants in the case until the one-year period had expired. Loews also makes much of Kamal-Hashmat's immediate voluntary dismissal of the federal complaint and the filing of the second litigation in state court with the inclusion of the removal-spoiling defendants. But "[t]here is nothing wrong with plaintiffs having a preference for state court, nor is there anything inherently invidious or 'bad faith' about using deliberate tactics to defeat federal jurisdiction." *Aguayo*, 59 F. Supp. 3d at 1273; *see also Brazell v. Gen. Motors, LLC*, No. 14-4588, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) ("[It] is not inherently bad faith to use strategy to defeat federal jurisdiction.").

The Court finds that Loews has failed to meet its burden to establish by clear evidence that Kamal-Hashmat's dismissal of the removal-defeating defendants was in bad faith. Without the benefit of that exception to Section 1446(c)(1)'s one-year time limit, Loews' removal is untimely. Accordingly, the motion to remand is granted.

\* \* \*

In the event the Court granted the motion to remand, Kamal-Hashmat seeks an award of attorney's fees and costs. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given that the state of the law on the bad faith exception to Section 1446(c)(1) is still unsettled, the Court finds that Loews did have an objectively reasonable basis for seeking removal. Thus, Kamal-Hashmat's request for fees and costs is denied.

### IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Remand [ECF No. 26] is **GRANTED**. This action is **REMANDED** in its entirety to the Circuit

9

Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that the Plaintiff's request for an award of attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c), is **DENIED**.

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE